EDMUND WATERMAN and Others, Plaintiffs, *v.* TITLE GUARANTEE & TRUST COMPANY, Defendant.

Supreme Court, Special Term, New York County, December 24, 1936.

*Milbank, Tweed, Hope & Webb,* for the motion.

*C. S. Aronstam,* opposed.

VALENTE, J. Defendant seeks to dismiss the complaint on the principal ground that a representative action is not maintainable. Plaintiffs are holders of guaranteed mortgage certificates issued by the defendant covering the property in Brooklyn known as the

Bossert Hotel. They bring two representative causes of action, the first based upon an alleged breach of trust whereby defendant, as holder of the mortgage, secured the sale or distribution of the certificates among the holders by misrepresentation or false warranties. The second cause alleges that defendant, as record holder of the mortgage, permitted an extension of the mortgage at a time when the owner of the property was in financial difficulty, and secured the consent of the plaintiffs not to demand their principal on the representation that the investment was safe and attractive. Defendant is also said to have concealed from plaintiffs the fact that it had entered into the extension agreement.

The argument of the defendant that this is a representative action in tort is not tenable. The second cause of action states a clear violation of a trust duty on the part of the defendant. It is maintainable by plaintiffs in a representative capacity. The nature of the first cause of action is a little more doubtful. The inducement by the defendant whereby plaintiffs agreed to enter into the trust relation is not in itself a breach of trust. The action as pleaded is either one in fraud or damages for breach of warranty. Such an action under the circumstances is not maintainable in a representative capacity because there is no showing that the distribution of the certificates was under common warranties or representations. Plaintiffs may maintain the first cause of action individually, but to do so they must plead separately the cause arising to each individual plaintiff, both those named and those who wish to come in.

The motion directed to the second cause of action is denied. As to the first cause the motion is granted as indicated. Settle order.